Jayson McNeil #27831-057
Name and Prisoner/Booking Number

USP Tucson SHU
Place of Confinement

P.O. Box 24550
Mailing Address

Tucson AZ 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED ___ LODGED
RECEIVED ___ COPY
OCT 27 2023
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jayson McNeil
(Full Name of Plaintiff)

Plaintiff,

v.

(1) Federal Bureau of Prisons
(Full Name of Defendant)

(2) _____

(3) _____

(4) _____

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 4:23-cv-00486-JCH-PSOT
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☑ 28 U.S.C. § 1331; ~~Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)~~
   ☐ Other: _____

2. Institution/city where violation occurred: USP Tucson

**550/555**

## B. DEFENDANTS

1. Name of first Defendant: __Federal Bureau of Prisons__. The first Defendant is employed as: __federal agency__ at __USP Tucson__.
   (Position and Title)                    (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
   as: _____ at _____.
   (Position and Title)                    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed
   as: _____ at _____.
   (Position and Title)                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed
   as: _____ at _____.
   (Position and Title)                    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☐ Yes   ☒ No

2. If yes, how many lawsuits have you filed? _____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____.
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

## D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: Violation of the 8th Amendment of U.S. Constitution.

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. Plaintiff Jayson McNeil is serving a sentence of imprisonment at the Tucson U.S. Penitentiary imposed by the Eastern District of North Carolina.

   2. Plaintiff was placed into the Special Housing Unit ("SHU") for an SIS investigation. SIS investigations are conducted pursuant to Program Statement 1380.05 the SIS Manual.

   3. A Threat Assessment was conducted, and plaintiff's cellmate and another Jeremy Pinson told an SIS F. Alvarez that plaintiff would be assaulted if he were to return to general population.

   4. After being told plaintiff would be assaulted, further information from inmates to staff was conveyed stating that a race riot (Cont'd on Page 7)

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Severe pain, suffering, partial hearing loss, PTSD, mental/emotional trauma, violation of civil rights.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. Denied forms, threatened

3

## COUNT II

1. State the constitutional or other federal civil right that was violated: Violation of the 8th Amendment to U.S. Constitution.

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail         ☐ Access to the court    ☒ Medical care
   ☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion   ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

Same as Count I

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
Same as Count I

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No
   b. Did you submit a request for administrative relief on Count II?   ☐ Yes   ☒ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   Same as Count I

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: __Violation of the 1st Amendment to U.S. Constitution__.

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☒ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   Same as Count I

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Same as Count I

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes   ☒ No
   b. Did you submit a request for administrative relief on Count III?   ☐ Yes   ☒ No
   c. Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☒ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. __Same as Count I__

If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:
1) Injunction enjoining defendant from further retaliation against the plaintiff for his communications with the news media or lawyers investigating USP Tucson, enjoining defendant from continuing to refuse, or fail to, investigate Warden Gutierrez and his retaliation against USP Tucson inmates engaging in protected activities, enjoining BOP from continuing to have plaintiff examined by an ENT doctor, and enjoining BOP from housing plaintiff in a high-security facility.

2. Award plaintiff all costs and fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10-24-23
            DATE

SIGNATURE OF PLAINTIFF
Jayson McNeil

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

6

Statement of Facts:
(Continuation of Page 3)

would be started between black and hispanic inmates if the plaintiff were to return to general population, as well, to other SIS staff.

5. Afterward, SIS staff and Warden Mark Gutierrez released plaintiff to general population where he was assaulted by a hispanic inmate. Plaintiff is an African-American male. The assault occurred a few feet from the officers station when the assailant punched him in the back of the head at which point plaintiff ran to the officer's station for protection. The officers leapt up to attack plaintiff by tackling him to the ground.

6. Plaintiff was then escorted to the SHU. Once in the SHU an injury assessment took place and plaintiff informed medical staff that he had pain and blood emitting from his eardrum area. Since the incident plaintiff has been provided no pain medication nor had his ear examined by a medical doctor or any qualified healthcare provider.

7. At USP Tucson, inmate on inmate violence involving weapons, inflicting minor and major injuries, including death have occurred repeatedly since 2020. Each

7

incident was thoroughly investigated and reviewed by SIS and Executive Staff at USP Tucson. The violence has triggered investigations by investigative journalists at The Marshall Project and the Washington Lawyers Cmte. for Civil Rights and Urban Affairs. ("TMP" and "WLC").

Jeremy Pinson initiated both investigations and then actively referred other USP Tucson inmates to speak with the investigators. Plaintiff was one of those Pinson linked to TMP and WLC.

. After the second assault incident involving plaintiff and another inmate plaintiff began corresponding with TMP and WLC. After the 1st set of letters were sent the Warden of USP Tucson, Mark Gutierrez, threatened plaintiff with prolonged segregation and transfer if he continued working with TMP or the WLC.

. Prior to making his threat to plaintiff, Warden Mark Gutierrez had made identical threats to Jeremy Pinson, Ernesto Zaragosa-Solis, Elmer Moreno, Rickie Rarey, Keyshia Hadaway, Leroy Ingram, David Holland, and others, all of whom reported to the Dept. of Justice Inspector General and BOP Office of Internal Affairs.

. Plaintiff's complaint to the OIG and OIA were ignored despite statutory and policy-based duties to fully investigate all allegations of staff

8

wrongdoing which policy mandated they do in Program Statements 1210.24 and 1210.25 and federal law.

12. There, 3 murders and hundreds of stabbings made no change after 18 months. Following each murder and stabbing the details of each incident would be written up by Warden Gutierrez and transmitted electronically to the BOP Regional Director in Stockton, California and Central Office in Washington, D.C. but neither office took steps to prevent the high incidence of violence from continuing.

13. After arriving to SHU a second time, Warden Mark Gutierrez informed plaintiff he would remain in the SHU indefinitely and be transferred. When plaintiff asked "Why?" the Warden replied, "you have a right to sue and make comments to the media, but I control if you walk my yard, period."

9